May it please the Court, my name is Jennifer Bennett and I represent the appellant the Center for Auto Safety. With this court's permission I'd like to reserve three minutes of my time for rebuttal. Please watch the clock. As this court has repeatedly recognized there's a strong presumption that court records are open to the public. Ordinarily to overcome this presumption a party must make a final decision on the merits. But the district court held that this standard doesn't apply to preliminary injunction motions solely because preliminary injunction motions don't necessarily result in a final determination on the merits. Don't we have a case, a whole line of cases that say that? Your Honor. Starting with Phillips and then Foltz and then cases following that? Your Honor, the line of cases starts with Phillips and discovery sanctions motion. And in that context it said that quote non-dispositive motions are exempt from the presumption of access. But this court has already rejected the argument that that means that all motions that don't result in a final determination on the merits are exempt. And it rejected that argument in Olinor v. Contrabecchi. In Olinor the parties were, there were parties to a bankruptcy appeal and the parties to the bankruptcy appeal after it settled decided that they wanted to seal the record. And the district court said no you can't seal the record because that would violate the presumption of access. And when the defendant appealed he said look this didn't result in a final determination on the merits. Phillips says that non-dispositive motions are exempt. Therefore under Phillips we can seal this just for good cause. So Olinor was about the entire record right? Including dispositive and non-dispositive. Here we just have a non-dispositive motion. So I guess my question to you is how could we say that a non-dispositive motion should be treated like a dispositive motion without overruling Phillips and Foltz and that line of cases? The question is what's the scope of the exception that Phillips announced? And in Olinor it said look we don't look to literally the words non-dispositive. It wasn't trying to use the dictionary definition. Really what we want to look at is the rationale of Olinor. And that's how this court often interprets case law. Which is to say we don't read it like a statute. We don't try to define every word. We see what was it getting at. And in Olinor it told us what it was getting at. It said the rationale underlying Phillips is that the public has less of a need for access for documents that are quote unrelated or only tangentially related to a cause of action. So if we agree with you then what is the rule? So we discard Phillips which is a pretty specific definite general rule. And then we would have to explain what is the exception now to the general presumption of access. And how would you articulate that? What rule would we adopt? The rule would essentially be that discovery motions are exempt and here's why. But everything else is not exempt. That's correct. So limit Phillips to discovery motions but everything else the presumption of access. Is that your suggestion? That's correct. And here's why. Olinor explained Phillips as motions that are unrelated or tangentially related to the merits or rather to the cause of action. And that's the same site that Phillips gave. And that site comes from the Supreme Court's decision in Seattle Times. And Seattle Times was trying to explain the difference between discovery documents that aren't filed with the whole mess of documents, many of which are unrelated or only tangentially related to a cause of action. And it distinguished that from court records which is once discovery documents are filed. And that's the basis underlying the different ceiling standards we have in this circuit. Which is to say court records are public documents almost by definition. So as this court held in Kamakana they're open to the public by default. So does that make Rule 26C then a dead letter? No, Your Honor. That's what I mean the Foltz was worrying about was and Phillips was worrying about that the district court's protective order essentially had no effect. So Phillips was worried about that the district court's protective order would have no effect when things that we think of as still discovery documents get submitted to the court. So the idea is we have this court records bucket and we have this discovery documents bucket. And the discovery documents bucket we allow protective orders just for good cause. I guess I don't understand because a discovery document that's used in a court case would then become a court record. So you're saying as long as you don't use anything that you discover in discovery you can have a protective order. But as soon as you use it in a court case it's no longer protectable. The protective order has no effect. No, Your Honor. So ordinarily actually that's true. That's the distinction before Phillips that the case is made which is once you use it in court it's a court record in discovery it's a discovery document. So you would say we should go back before Phillips? No, Your Honor. The quandary in Phillips is what you do with discovery documents if they're attached to discovery motions. Which is to say well under the old rule they would have been court records and so there would have to be compelling reasons. But we don't think that actually they're really court records of the kind that that old rule was referring to. Really we think that if you submit a case just as part of a discovery motion it's really still discovery. And so what Phillips did is said okay we're going to put discovery motions in this other bucket. We're going to say it's still discovery and therefore the good cause standard still applies. Can I just take a different approach? I appreciate the fact that there might be a need for some specific divisible rule but in the Ninth Circuit there's a real clear interest in exposing records that judges rely upon and making decisions which are subject to review in the public. I mean there's a real concern about making sure that decisions made by judges is exposed to public review. Is there some way of developing essentially a balancing kind of approach to the issue and evaluate whether there should be this compelling reasons standard based upon the interest provided by that particular motion? And in that particular context injunction motions are so fundamental to the process that would sort of suggest that those would be those subject to the compelling reasons exception. Yes, Your Honor. As I understand it, that's the approach that the Second Circuit takes and it's outlined in the Amadeo case. Must be right then. No, I'm sorry. I didn't mean to suggest that. Which is, I forgive you for that. And that approach is essentially that everything that's filed with the court, everything that's a court record, or everything rather that's the basis for judicial action, is subject to this presumption of access. But there's a balancing test which is to say, you know, if it's just subject to judicial action because some party thinks it's irrelevant, then the presumption doesn't get very much weight. If it's subject to judicial action because it's the basis of a preliminary injunction motion or a motion for summary judgment, then that Circuit has traditionally done it, but it is certainly a way that it could go. And it would solve, if it did go that way, it would solve the problem of what do we do with these motions that we feel like aren't really court records but are still submitted to a court, motions like the discovery motion in Phillips. So I guess I'm still concerned about Rule 26C because you're saying that the information is used until the information is used in court. How can that be a protective order then? So somebody provides trade secrets under the protective order and you're saying, well, as long as they're never used, then they're protected, otherwise protective order has no effect. Doesn't that undercut entirely, that rule, which is also a Supreme Court enunciation? No, Your Honor. The purpose of a protective order is really to govern discovery. And that's actually what the Supreme Court said in Seattle Times, is that discovery isn't a public process. And so we use protective orders to, say, prevent parties from talking about the things they got in discovery but aren't ever going to end up submitting to a court, things like that. And if the records do contain trade secrets and they're filed as part of the case, it doesn't mean that they're open. The presumption of public access isn't unlimited. It just means that there's a different standard for unsealing them. Why is that? Because... Where do you pull that from? That's in Kamakana. It's in Phillips. But we're overruling Phillips. So, I mean, so you're saying that that's the rule we should adopt, is what Judge Sessions was saying, that that's okay to keep information secret from public access under certain circumstances? I would say that this Court should adopt the rule that the Third Circuit adopted in Lucadia. It's also the rule of the Seventh Circuit and the Eleventh Circuit. There are several others, which is that there's a default presumption, as this Court explained in Kamakana, that court records are open to the public. But discovery motions are different. It doesn't make sense to vitiate protective orders, as is your concern, simply because the parties are fighting over discovery. And that's the reason for exempting discovery motions. Actually, if this Court held that preliminary injunctions are not subject to the public right of access, it would be creating a circuit split with at least the Third, the Sixth, and the Seventh Circuits, all of whom have held that preliminary injunction motions or temporary restraining orders are subject to the presumption of access. But they don't have a dispositive, non-dispositive rule the way we do. This is the only circuit that has a dispositive, non-dispositive rule, if you interpret that rule to mean final determination on the marriage. So what impact does Rule 72 have, which essentially defines the magistrate judge's role, suggesting that a magistrate judge cannot decide such dispositive motions as summary judgment motions, and also, by the way, they cannot decide injunctions. And that suggests that, at least in Rule 72, injunctions are considered to be dispositive motions. Does that have some sway or impact on your argument? Yes, Your Honor. And that's another reason for thinking that the Phillips Court, when it said non-dispositive motions, didn't mean to include motions like motions for preliminary injunction. Does any case say that a preliminary injunction in the magistrate context is dispositive? Any case or rule has ever held that? The statute actually lists. Right. It lists items, but it doesn't refer to them as dispositive or non-dispositive. It just has a list in the statute, right? Sure. In 636? In the Masonville case, it says that the list of things that the magistrate judge cannot decide without consent are called dispositive motions. But it never says that a preliminary injunction specifically. So you would like us to infer that. I guess I don't see how that helps much, because there's no case that actually says we deem a preliminary injunction to be a dispositive motion in the magistrate judge context. You just want us to infer that from other language. Isn't that right? Kind of, Your Honor. And if you'd like, I can look and see if there's a citation for that specifically. But courts, this Court has repeatedly said this list of preliminary injunction motions are, quote, dispositive motions. Okay. Well, I didn't see that in the language in Masonville, but I'll take another look. Did you want to save some time for me? Yes. Thank you, Your Honor. All right. Good morning. May it please the Court, Tom Dupree on behalf of Chrysler Group.  The Court conducted a document-by-document review, analyzed the content of the documents at issue, applied the correct legal standard, considered the public interests potentially at issue, and also considered Chrysler's privacy interests in the documents. The Court correctly applied the law. There's ample evidence supporting its discretionary judgment that these documents should remain under seal. And for those reasons, we submit the Court should be affirmed. Let me begin with the legal standard. Judge Ikuda, you got it absolutely right when you pointed out that this distinction that this Court has drawn between dispositive and nondispositive motions has a long history in the Ninth Circuit. It's not just Phillips. Of course, it's Foltz. It's the Kamikana case. This Court time and again, for better or for worse, has hewed to the distinction between dispositive motions and nondispositive motions. I take, Judge Sessions, your point that there is some ambiguity in a different context, at least, between the Federal Magistrate Statute and Rule 72. But let me speak to why that, I don't think, has any bearing on this case. The reason it doesn't is because this Court has said many times what dispositive motions mean in this context, in the unsealing context. In Foltz, this Court described a dispositive motion as one that serves as a substitute for trial. Of course, a preliminary injunction motion is not a substitute for trial. In Kamikana, the Court again explained what it meant by dispositive motion for purposes of motions to unseal. And there, it talked about how a dispositive motion is one that finally resolves the case. And of course, that's the common English meaning of dispositive. This is a plain language Court, and I would submit to you that under no possible interpretation of the Court, a preliminary injunction motion is a dispositive motion. Well, as opposing counsel points out, we're not looking at a statute. We're looking at case law. And so why can't we distinguish that and say, well, Phil was focusing on the rationale, and the rationale doesn't apply in this context? Your Honor, I don't think that's an option for this Court, because Phillips, to be sure, talked about the rationale for why the Court drew the line where it did. And I take the point that the rationale in Phillips was that dispositive motions generally are important motions. But at the same time, that's simply the reasoning that supports the rule that we're asking this Court to adhere to. It's a black-letter rule. It's easily capable of administration. I think Your Honor's question about even if we were free to overrule Phillips and Foltz and Kamikana, what would we replace it with, that's an excellent question. The dispositive, nondispositive line is black-letter. It's easy to administer. District courts know what's dispositive, what's nondispositive. If this Court were to adopt some sort of alternative formulation that's predicated on the idea that, well, important motions are dispositive, or as the Center says in their brief, motions that have an impact on human life and things of that nature, I think we're entering a sphere of ambiguity, to say the least. What is the purpose of the compelling reasons standard? The purpose of the standard is to ensure that when judges make decisions, those decisions are subject to review by the public. That's the fundamental reason why compelling reasons exist. If that's the case, shouldn't you look to the nature of the hearings to see whether in fact they raise concerns about the public's access to important information? And when you're talking about injunctive hearings, aside from some perhaps hearings in summary judgment, those are the most important hearings in the civil justice process. I mean, a judge makes decisions about likelihood of success. The judge makes rulings which have dramatic impact upon what happens in that litigation in the future. At that particular point, doesn't it seem important to you that that judge's decision would be subject to public review? That means disclosure of the documents. I take the point, Judge Sessions, and let me make a few statements in response. The first is that the theory Your Honor just articulated is one that appears in the case law of other circuits. I know that it's in the Second Circuit. I think the Seventh Circuit has spoken about that. But that's simply not the rule in the Ninth Circuit. So that's my first response. The second is that I think that even accepting the premise of that and that it would make sense to draw a line between very important motions and not very important motions, the rule the Ninth Circuit has described or adopted for purposes of drawing that distinction is the dispositive-nondispositive line. And there very well could be cases where you have a preliminary injunction motion that does raise crucial issues. You could also, I suppose, have a dispositive motion that perhaps isn't earth-shattering. And so, like with any black-letter test, there are going to be some cases that arguably should have gone on the other side of the rule, but were willing to accept the outcome in those cases for purposes of administration. Now, in this case, of course, even if this Court were to jettison the Ninth Circuit line of cases and adopt a different standard, say the Second Circuit standard, I still don't think that would get the center over the bar here because this preliminary injunction motion was divorced from the merits, or at least it certainly did not fully overlap with the merits. In fact, the plaintiffs themselves in this case said on the record to the judge, this isn't really a merits-related motion. We can save the merits for another day. This was a preliminary injunction motion that did not seek as a preliminary matter the relief that the plaintiffs were ultimately requesting. Quite the contrary. What the plaintiffs in this preliminary injunction motion were requesting was an extraordinary order from the district court notifying all Chrysler's customers of this purported defect. But when they filed the motion for injunctive relief, they had a standard to meet, and that is likelihood of success, so that you needed to get the judge to make a determination before the judge was ever to disclose this information that there was, in fact, likelihood of success on the merits. That is a judicial determination which, although not directly related to the ultimate determination, is a clear guideline as to how the case is going to proceed, isn't it? It is. But, of course, as this Court knows, it's a tentative preliminary determination. I take your point that it may be a guideline, but certainly the case law is replete with cases where courts will reach one conclusion at an initial stage, and then by the time the case moves to final judgment, they're at a totally different point. So it's a preliminary ruling. There is a portion, to be sure, that constitutes a merits determination, but there sure is a lot of stuff in there that has nothing to do with the merits determination. In any event, I think the larger point, of course, is that whatever the merits of a different approach, it's simply not the one the Ninth Circuit has adopted. Counsel, if I could ask, in your reading of our case law, for example, if a party in a civil case files a motion to disqualify counsel based on discovery that was received, under your view, the good cause would apply to that motion? Yes, it would. And motions to recuse a judge, same standard? That's right. And motions in limine, same standard? Yes. So, if the backdrop here is that the public should have right to access to the proceedings in court, it seems like under your reading of the Ninth Circuit case law, it's actually only one category of motions. You have summary judgments, motions to dismiss. Is that pretty much it? I suppose motion for judgment on the pleadings would be another category. Right. But everything else would be the good cause standard. That's right. Again, there may well be other categories of non-dispositive motions that we can't think of at this moment. Sure. But I think Your Honor has articulated the primary ones. In the cases that we've been talking about today, do any of those cases discuss that fact, that the number of motions that would be in the, I'll say, compelling category is smaller than the category of motions that would be in the good cause category? I'm not aware of any cases that engage that. I think to the extent that the cases do talk about how often this very robust category of dispositive motions would essentially nullify a district court's power to enter meaningful protective orders, that was the policy concern that animated the court in Fultz. It's appeared again and again in this court, that concern that day one, you produce documents under what you think is a good and valid protective order, by the way, which, protective orders which facilitate discovery, because defendants can produce documents in the comfort that it's not going to appear online the next day. So day one, you produce the documents pursuant to a validly entered protective order. Day two, some motion is filed attaching your document, and then the other side comes in and says compelling reasons, and there goes your protective order. So that's the concern. But under the dichotomy you're urging us to take on, what if a party simply every time said, I move to dismiss this case for discovery sanctions? Well, I think at some point there would be a Rule 11 issue, potentially. Sure, sure. In other words, if people were simply filing these dispositive motions in order to achieve public disclosure of protected documents, I think that's something where a district court would be well within his or her rights to say enough is enough. That's not a valid motion. But if they simply had that as a requested remedy, then that would be a dispositive motion. Subject to that qualification. Sure. Yes. Yes. If it's a dispositive motion, it's a dispositive motion. We're not asking this Court to modify or adopt any test other than the one that it's been following for the last 14 years. Okay. If I could, in my remaining time, let me simply address the point that we raised in our 28-J letter to this Court, because I think it is very important here. This is the recent determination by NHTSA, the Federal Automobile Safety Regulators, which denied the Center's petition for an investigation into the alleged defect here. The reason I think this is important is because it further underscores that Judge Pragerson had it exactly right when he saw no public interest in these documents. The arguments that the Center presented to NHTSA are the same ones that they argue to Judge Pragerson, the same ones they argue to this Court about the need for public disclosure of this purported defect. And what NHTSA said in response to the plaintiffs was nonsense. In fact, NHTSA published a statement in the Federal Register that said the plaintiffs' arguments in this case demonstrate a fundamental misunderstanding of basic automotive engineering. That's not Chrysler speaking. That's NHTSA, which is a strict regulatory agency which looks at these issues in depth, and that's the conclusion that NHTSA drew about the plaintiffs' arguments that they make in favor of disclosure. So I think that recent decision from NHTSA further confirms that Judge Pragerson acted well within his ample discretion in determining that there was simply no justification for disclosure. But this is a fairly simple, straightforward question. What's the standard to apply? What's the standard? Does he apply the compelling reasons or good cause? I mean, that's literally the question. So whether or not, if this case were ever remanded, he would make a decision similar to NHTSA's is not relevant at this particular point, is it? It's only relevant to the extent that the plaintiffs have been challenging Judge Pragerson's application of the good cause standard. In other words, I take Your Honor's point. If the question in this case is simply did Judge Pragerson apply the correct legal standard, the answer is yes, and that's the end of it. I think the NHTSA decision simply underscores that in terms of his substantive analysis, again, which is reviewed under a deferential abusive discretion standard, NHTSA's judgment confirms that Judge Pragerson got it exactly right. And for that reason, we respectfully ask this Court to affirm the judgment below. Thank you. Thank you.  Two points, Your Honors. First, we keep talking about how this circuit's case law has consistently accepted Chrysler's view that there's this distinction between motions that result in a final determination on the merits and motions that don't. That's actually not the case. In the index newspaper's case, for example, this Court applied the presumption of access to a motion to unseal civil contempt proceedings. In the CBS News case, it applied the presumption of access to a post-trial motion to amend a sentence. The presumption of access has been applied to bail proceedings, voir dire, preliminary hearings. None of these proceedings result in a final determination on the merits. So if this Court were to interpret Phillips as drawing that line, it would actually create a conflict within the Ninth Circuit. Second, in the Fulton-Kamakana cases, they didn't define what a non-dispositive motion is. They simply said that summary judgment motions clearly are not within that determination is really important. It didn't say what other things might be really important or might not be really important and, therefore, accepted. And the third point I'll make is that the Nitzer ruling is simply, if it's relevant here, it only weighs in the center's favor. First, opposing counsel argues that it demonstrates that the judge was correct in denying the preliminary injunction. But that means that what they're arguing is that there's no evidence of documents, which means there's no harm in unsealing them. They can't argue, on the one hand, that the preliminary injunction is correct, there's no harm here, and then argue, on the other hand, that it can't. Are they arguing harm or trade secrets? I thought it was some combination. It's some combination. So trade secrets wouldn't seem to be addressed by that argument. No, Your Honor. The trade secrets argument requires two things. They're required to show that something is confidential, and they're required to show that it results in competitive harm, which is to say that other car companies' products would be either better or cheaper if they had access to this information. They've done neither. Much of the information in the records appears not to be confidential. It's, for example, pictures of the insides of Chrysler's cars, which I could go to a car lot myself and take. Or it's an email that says, let's touch base on the TIPM shortly, that sort of a thing. But even if all of it were confidential, besides conclusory assertions, Chrysler hasn't done anything to demonstrate that the information would allow other car companies to make better or cheaper cars. So, for example, their brief in this case would cost them money to produce. If other companies had it, they would have that information without having to spend the money. But they couldn't make better cars. And that's essentially what Chrysler does throughout its declaration and brief, is it says, this stuff costs us money to produce, and it would be available without the other companies having to pay money. But it doesn't say why the other companies would want them. I see my time has expired. Thank you. Thank you very much. Thank you, Counsel. Okay.
judges: Sessions, Ikuta, Owens